■ JAMES DURHAM, Respondent, v. METROPOLITAN ELECTRIC PROTECTIVE ASSOCIATION, Appellant.— Judgment in favor of the plaintiff, and against the defendant, Metropolitan Electric Protective Association, reversed on the law and the complaint is dismissed as against the said defendant, with $50 costs and disbursements to such defendant. The plaintiff, a window cleaner, fell from the window of the first story loft, occupied by the defendant, Metropolitan Electric Protective Association. The plaintiff, in his complaint and bill of particulars, alleged that an anchor hook (which the law mandates be provided for the protection of window cleaners) pulled out, and for that reason he was caused to fall. At the trial it was proven that the anchor hook was still in the window frame after the accident and hence the evidence could not support a verdict upon this theory of the accident. The plaintiff also alleged that there was a violation of rule 21–6.1 (subd. 1, par. 3) of the Rules and Regulations of the Industrial Code (12 NYCRR 21.6 [a] [2] [iii]) promulgated under section 202 of the Labor Law, in that the window involved had an opening of only 26 inches instead of 30 inches from the sill, as such rule mandates. While we find that such a violation did exist, we conclude that there was insufficient evidence to sustain a finding that the violation was the proximate cause of the accident. Accordingly, based on the pleadings of the plaintiff, and the evidence presented by the plaintiff in support of his case, the complaint must be dismissed. However, during the defendant's case it was developed that there was a nail in the window frame below the anchor hook and that there were scuff marks on the nail. From such evidence, perhaps, an inference could be drawn that the plaintiff fell while attempting to hook his belt onto the nail, rather than on the anchor hook which was provided for that purpose. The court instructed the jury that if it in fact found such a nail existed, it might find that it created a dangerous condition, which condition might be found to be the proximate cause of the accident and injuries. We need not consider the propriety of such charge, because we do not believe that this defendant can be held guilty of negligence in the circumstances. We do not see how the maintenance of a nail on the outside of the building, 8 inches below the anchor hook, constitutes a dangerous condition. And, even if it were, we cannot see how this defendant, being a tenant, can be held for the presence of the nail outside of the leased premises. Concur — Rabin, McNally and Staley, JJ.; Breitel, J. P., and Eager, J., dissent in the following memorandum: We agree that the judgment entered upon the verdict for plaintiff should be reversed but we would grant a new trial. Neither the pleadings nor the evidence supported a recovery against the defendant, a tenant, on the theory of the negligent installation or maintenance of the nail on the window frame below the anchor hook; and, accordingly, it was error to instruct the jury that it could render a verdict for the plaintiff if it was found that the nail created a dangerous condition. The plaintiff, however, in his bill of particulars, charged negligence in alleged violation by defendant of provisions of section 202 of the Labor Law and of the Rules and Regulations of the Industrial Code. It was established that the window had an opening of only 26 inches instead of 30 inches from the sill as required by the code. On the basis of the record, we conclude that it may not be held as a matter of law that

such violation was not a proximate cause of the accident. Furthermore, on a new trial and an amendment of the pleadings, if allowed, the plaintiff may be able to establish a case on the theory that the defendant is chargeable with responsibility for a dangerous condition existing because of the nail placed near the anchor hook. In the interests of justice, the plaintiff is entitled to a new trial.